UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RUTH SLATIN,

                        Plaintiff

    -against-

DEVELOPMENT CORPORATION FOR ISRAEL,

                        Defendant
------------------------------------------------------------x

ECF CASE

Complaint

Index No.

**ROBINSON**

**05 CIV. 6109**

Plaintiff RUTH SLATIN by her attorney Joel Field, Esq. as and for her complaint against defendant DEVELOPMENT CORPORATION FOR ISRAEL respectfully alleges as follows:

### JURISDICTION AND VENUE

FIRST: Plaintiff RUTH SLATIN ("Plaintiff") invokes the jurisdiction of the Court as follows:

a. With respect to her First Claim for Relief as and against defendant DEVELOPMENT CORPORATION FOR ISRAEL ("DCI") under and by virtue of 28 U.S.C. Sections 1331 and 1343 for the purpose of recovering damages pursuant to the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. Sections 621 et seq. ("ADEA"), consisting of but not limited to back pay as well as liquidated damages, costs of suit and attorney fees that were and continue to be incurred as a result of DCI's violation of her rights not to be discriminated against because of her age;

b. With respect to her Second Claim for Relief as and against DCI under and by virtue of the doctrine of pendant jurisdiction for the purpose of recovering

damages pursuant to the Human Rights Law of the State of New York as amended, to wit: Section 290 et seq. of the Executive Law, consisting of but not limited to back pay as well as compensatory damages that were and continue to be incurred as a result of DCI's acts and conduct in violation of plaintiff's rights not to be discriminated against because of her age;

  c. With respect to her Third Claim for Relief as and against DCI under and by virtue of the doctrine of pendant jurisdiction for the purpose of recovering damages pursuant to the New York City Human Rights Law, to wit: Administrative Code of the City of New York Section 8-101 et seq., consisting of, but not limited to back pay, as well as compensatory and punitive damages and attorney fees that were and continue to be incurred as a result of DCI's acts and conduct in violation of plaintiff's rights not to be discriminated against because of her age.

  d. With respect to her Fourth Claim for Relief as and against defendant DCI under and by virtue of 28 U.S.C. Sections 1331 and 1343 for the purpose of recovering the severance benefits due pursuant to the terms and provisions of DCI's severance policy, an employee benefit plan as defined under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), together with the statutory penalties, pre and post judgment interest and attorney fees and costs that were and continue to be incurred as a result of DCI's violation of her rights under ERISA, 29 U.S.C. Sections 1100 et seq.

 SECOND: The acts committed by DCI pertaining to the violation of plaintiff's rights as hereinafter described and alleged, occurred within the Southern District of the State of New York, to wit: the State, City and County of New York where plaintiff was

employed by DCI as a Processor from in and about July 1983 until her termination on or about March 12, 2004 and within which District plaintiff resides and where upon information and belief DCI maintains its principal place for conducting its business. The venue of this action pursuant to Section 1391 of Title 28 U.S.C. therefore lies within the geographic area of the United States District Court for the Southern District of New York.

## THE PARTIES

THIRD: Plaintiff Ruth Slatin, a fifty-seven year old female who was born December 8, 1947, was employed as a processor by DCI in its Centralized Processing Department from in and about July 1983, until her termination on or about March 12, 2004.

FOURTH: Upon information and belief defendant Development Corporation for Israel, a corporation organized under the laws of the State of New York has been and continues to be principally engaged in the business of selling State of Israel bonds that have been issued by Israel for the purpose of assisting in the funding of projects in key economic sectors of that country. Upon further information and belief DCI which has offices located throughout the United States maintains its principal office for conducting business in the City and State of New York.

## FACTUAL AVERMENTS

FIFTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FOURTH as though hereinafter fully set forth:

SIXTH: Plaintiff, employed by DCI in July 1983, was primarily employed for over twenty years as a processor in DCI's Centralized Processing Department where upon information and belief at the time of her termination she had become, if not the oldest of approximately fourteen individuals employed in a similar capacity within the Department then amongst the oldest and where upon further information and belief she had become if not the most senior individual employed in a similar capacity within the Department then among the most senior so employed.

SEVENTH: At the material times hereinafter alleged Edna Torres ("Torres") was plaintiff's immediate supervisor and Angela Martins ("Martins") was and upon information and belief continues to be the Director of DCI's Centralized Processing Department. Upon further information and belief and at the material times hereinafter alleged Carole Traum ("Traum") was and upon information and belief continues to be DCI's Vice President and Director of Human Resources.

EIGHTH: Plaintiff performed her duties and responsibilities in a satisfactory fashion throughout her more than twenty years of employment and in particular maintained an excellent attendance record and continually reported for work on time.

NINTH: Plaintiff until her termination in March of last year had never been disciplined in her more than twenty years of employment and upon information and belief when terminated was one of the few, if any, individuals employed in her department who had ever been terminated for "disciplinary reasons".

TENTH: Upon information and belief DCI's management and in particular plaintiff's supervisors, Torres and Martins, as well as Traum began in and about 2003,

despite plaintiff's record of almost twenty years of satisfactory performance, to contrive reasons for terminating and replacing her with a younger employee.

ELEVENTH: Although plaintiff had continually received satisfactory performance evaluations, she was warned three or four months prior to being terminated when she was given a slightly below satisfactory evaluation.

TWELFTH: Upon information and belief and at the material times hereinafter alleged DCI was and continues to be party to a collective bargaining agreement with Community and Social Agency Employees Union, District Council 1707 and Local 1707, American Federation of State, County and Municipal Employees, AFL-CIO ("District Council 1707") that among other things with the exception of specific exclusions covers both professional and clerical employees employed by DCI in the United States.

THIRTEENTH: Upon information and belief plaintiff in 2004, as an employee having over twenty years seniority was entitled to receive a vacation in excess of four weeks.

FOURTEENTH: Upon information and belief and at the material times alleged herein DCI maintained and continues to maintain a severance pay policy ("Severance Plan") constituting an employee welfare plan within the meaning of ERISA, designed to provide pay and benefits to employees whose employment is terminated for among other reasons because of retrenchment, reorganization, incompetence or incapacitating injury.

FIFTEENTH: Upon information and belief and at the material times alleged herein DCI maintained and continues to maintain a non-contributory employee pension plan ("Pension Plan") constituting an employee welfare plan within the meaning of

ERISA that is designed to help provide DCI employees when their active employment has concluded with retirement income.

SIXTEENTH: Upon information and belief Pension Plan provides among other benefits an unreduced early retirement benefit for employees who leave when they are at least fifty-five years of age and the sum of their age and credited service equals eighty-five or more. Upon further information and belief the sum of plaintiff's age and credited service at the time of her termination was seventy-seven.

SEVENTEENTH: Upon information and belief and at the material times herein alleged, DCI employees, if absent from work because of personal reasons other than sickness, have been and upon further information and belief continue to be permitted to charge their absence against unused vacation days or alternatively if the employee lack sufficient vacation days to consider the absence as leave without pay.

EIGHTEENTH: Plaintiff was absent for two days in early March of last year because of personal reasons other than sickness and after returning requested that her absence be charged against her vacation entitlement or alternatively considered as leave without pay.

NINETEENTH: DCI, refusing plaintiff's request to charge the absence against her vacation entitlement and likewise refusing to consider the absence to comprise leave without pay, terminated plaintiff despite her excellent time and attendance record on or about March 12th.

TWENTIETH: Upon information and belief DCI by terminating plaintiff because of her absence in early March of last year treated plaintiff in a different manner and

fashion than it treated and that it continues to treat other much younger employees with substantially less years of service.

TWENTY-FIRST: Upon information and belief plaintiff's age was a factor in the decision to terminate her employment and upon further information and belief plaintiff's duties and responsibilities in her department have been assumed by younger employee(s).

TWENTY-SECOND: Upon information and belief plaintiff having been employed by DCI for over twenty years at the time of her termination was entitled pursuant to DCI's Severance Plan to substantial severance benefits, none of which have been paid.

## AS AND FOR A FIRST CLAIM FOR RELIEF AS AND AGAINST DEFENDANT DEVELOPMENT CORPORATION FOR ISRAEL

TWENTY-THIRD: Plaintiff repeats each and every allegation set forth in paragraphs FIRST through FOURTH and SIXTH through TWENTY-SECOND as though hereinafter fully set forth.

TWENTY-THIRD: Plaintiff on or about November 24, 2004, filed charges with the United States Equal Employment Opportunity Commission ("EEOC") charging that DCI by terminating her employment had violated ADEA which in pertinent part provides as follows:

> It shall be unlawful for an employer –
>
> (1) to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age.

TWENTY-FOURTH: Plaintiff was informed on or about April 4, 2005, that the EEOC had concluded its inquiry into her allegations of age discrimination and that she had the right to institute litigation within ninety days thereof.

TWENTY-FIFTH: This action has been instituted within ninety days of plaintiff's receipt of the aforesaid notice of right to sue.

TWENTY-SIXTH: DCI's acts and conduct in terminating plaintiff's employment because of her age and/or age related reasons as heretofore alleged herein comprised and continues to comprise acts of employment discrimination based upon age and as such violated and continues to violate ADEA.

TWENTY-SEVENTH: DCI in terminating plaintiff's employment acted deliberately and willfully in that her termination was purposefully based upon her age and/or age related reasons in violation of plaintiff's rights under ADEA.

TWENTY-EIGHTH: Plaintiff as a result of the aforesaid acts of age discrimination which resulted in her being terminated because of her age and/or age related reasons has and continues to suffer the effects of invidious age discrimination and has and continues to lose substantial earnings and other emoluments of employment as well as being forced to suffer and endure humiliation and embarrassment, all in an amount that cannot presently be calculated.

## AS AND FOR A SECOND CLAIM FOR
## RELIEF AS AND AGAINST DEFENDANT
## DEVELOPMENT CORPORATION FOR ISRAEL

TWENTY-NINTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FOURTH and SIXTH through TWENTY-SECOND as though hereinafter fully set forth.

THIRTIETH: Section 296 (1) (a) of the Executive Law of the State of New York provides in pertinent part that:

> It shall be an unlawful discriminatory practice:
>
> For an employer . . . because of the age . . . of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

THIRTY-FIRST: DCI's acts and conduct as heretofore described in terminating plaintiff's employment because of age and/or age related reasons comprised and continues to comprise acts of employment discrimination based upon her age and as such violated and continues to violate the New York State Human Rights Law, to wit: Section 296 (1) (a) of the Executive Law.

THIRTY-SECOND: Plaintiff as a result of the aforesaid acts of discrimination resulting in her termination because of her age and/or age related reasons has and continues to suffer because of her age the effects of invidious age discrimination and has and continues to lose substantial earnings and other emoluments of employment as well as being forced to suffer and endure humiliation and embarrassment, all in an amount that cannot be presently calculated.

## AS AND FOR A THIRD CLAIM FOR RELIEF AS AND AGAINST DEFENDANT DEVELOPMENT CORPORATION FOR ISRAEL

THIRTY-THIRD: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FOURTH and SIXTH through TWENTY-SECOND as though hereinafter fully set forth.

THIRTY-FOURTH: Section 8-107 (1)(a) of the New York City Administrative Code provides in pertinent part that:

> It shall be an unlawful discriminatory practice:
>
> For an employer . . . because of the actual or perceived age . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

THIRTY-FIFTH: DCI's acts and conduct as heretofore described, terminating plaintiff's employment because of age and/or age related reasons comprised and continues to comprise acts of employment discrimination based upon age and as such violated and continues to violate the New York City Human Rights Law, to wit: Section 8-107 (1) (a) of the New York City Administrative Code.

THIRTY-SIXTH: Plaintiff as a result of the aforesaid acts of discrimination resulting in her termination because of her age and/or age related reasons has and continues to suffer because of her age the effects of invidious age discrimination and has and continues to lose substantial earnings and other emoluments of employment as well as being forced to suffer and endure humiliation and embarrassment, all in an amount that cannot be presently calculated.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AS AND AGAINST DEFENDANT DEVELOPMENT CORPORATION FOR ISRAEL

THIRTY-SEVENTH: Plaintiff repeats and realleges each and every allegation set forth in paragraphs FIRST through FOURTH and SIXTH through TWENTY-SECOND as though hereinafter fully set forth.

THIRTY-EIGHTH: DCI's denial of severance benefits to plaintiff was and is contrary to its Severance Plan and entitles plaintiff to recover the severance benefits due to her and to enforce and clarify her rights pursuant to ERISA, 29 U.S.C. Section 1132 (1)(B).

THIRTY-NINTH: DCI's failure to pay plaintiff the severance benefits that she is entitled to receive pursuant to its Severance Plan violated and continues to violate ERISA and plaintiff as a result thereof has been and continues to be damaged.

WHEREFORE, Plaintiff RUTH SLATIN prays that this Court finds under her First Claim for Relief that she has and continues to suffer from the conduct of and acts caused by defendant DEVELOPMENT CORPORATION FOR ISRAEL and its agents, servants and employees all contrary to her rights under the Age Discrimination in Employment Law of 1967 as amended, 29 U.S.C. Sections 621 et seq.; that this Court further finds under her Second Claim for Relief that she has and continues to suffer from the conduct of and acts caused by defendant DEVELOPMENT CORPORATION FOR ISRAEL and its agents, servants and employees all contrary to her rights under the New York State Human Rights Law, Section 296 of the Executive Law; that this Court further finds under her Third Claim for Relief that she has and continues to suffer from the conduct of and acts caused by defendant DEVELOPMENT CORPORATION FOR

ISRAEL and its agents, servants and employees all contrary to her rights under the New York City Human Rights Law, Section 8-107(1)(a) of the New York City Administrative Code; that this Court further finds under her Fourth Claim for Relief that she has and continues to suffer from the conduct of and acts caused by defendant DEVELOPMENT CORPORATION FOR ISRAEL and its agents servants and employees all contrary to her rights under the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. Sections 1100 et seq. and that this Court grant the following relief:

 a. A money judgment award in favor of plaintiff RUTH SLATIN and against defendant DEVELOPMENT CORPORATION FOR ISRAEL under the Age Discrimination in Employment Act of 1967 as amended in an amount to be determined at trial for the pecuniary losses plaintiff has and continues to incur as a result of being discriminated against because of her age including, but not limited to, back pay and all other emoluments of her employment all computed with interest from on and about March 12, 2004, the date of her termination, to the date that she is unconditionally offered a position comparable to or better than the position from which she was discriminatorily terminated together with such out of pocket expenses that have been incurred including but not limited to reasonable attorney fees;

 b. A money judgment award of liquidated damages under the Age Discrimination in Employment Act of 1967 as amended in favor of plaintiff RUTH SLATIN against defendant DEVELOPMENT CORPORATION FOR ISRAEL for an additional sum equal to the amount computed in accordance with subparagraph (a) hereof, all as provided by 29 U.S.C. Section 216(b), inasmuch as said defendant DEVELOPMENT

CORPORATION FOR ISRAEL's violation of said Age Discrimination in Employment Act was willful.

c. A money judgment award in favor of plaintiff RUTH SLATIN and against defendant DEVELOPMENT CORPORATION FOR ISRAEL under the New York State Human Rights Law – Section 290 et seq. of the Executive Law of the State of New York in an amount to be determined at trial for the pecuniary losses, including but not limited to, back pay and other emoluments of employment computed with interest from the date of her termination, on and about March 12, 2004, to the date that she is unconditionally offered a position comparable to or better than the position from which she was discriminatorily terminated as well as compensatory damages also in an amount to be determined at trial for the mental distress, anguish, pain and suffering experienced by plaintiff as a result of the defendant's wrongful conduct all as provided under the New York State Human Rights Law;

d. A money judgment award in favor of plaintiff RUTH SLATIN against defendant DEVELOPMENT CORPORATION FOR ISRAEL under the New York City Human Rights Law – Section 8-101 et seq. of the New York City Administrative Code in an amount to be determined at trial for the pecuniary losses, including but not limited to, back pay and other emoluments of employment computed with interest from the date of her termination, on and about March 12, 2004, to the date that she is unconditionally offered a position comparable to or better than the position from which she was discriminatorily terminated as well as compensatory damages also in an amount to be determined at trial for the mental distress, anguish, pain and suffering experienced by

plaintiff as well as punitive damages and attorney fees all as a result of defendant's wrongful conduct and as provided under the New York City Human Rights Law;

e. A money judgment award in favor of plaintiff RUTH SLATIN and against defendant DEVELOPMENT CORPORATION FOR ISRAEL under the Employee Retirement Income Security Act of 1974 as amended in an amount to be determined at trial for the severance benefits she is entitled to receive pursuant to the terms and provisions of defendant DEVELOPMENT CORPORATION FOR ISRAEL's Severance Plan, an employee benefit plan as defined under ERISA together with statutory penalties, pre and post judgment interest and such out of pocket expenses and attorney fees that have been incurred;

f. An allowance for the costs and disbursements plaintiff RUTH SLATIN incurred in the prosecution of this action including her reasonable attorney fees; and

g. Such other and further equitable and legal and affirmative relief as the Court may deemed to be just and proper in the circumstances.

JOEL FIELD, Esq.

Attorney for Plaintiff RUTH SLATIN
Westchester Financial Center
50 Main Street
White Plains, New York 10606
(914) 997-7400

_____
Joel Field (JF-2158)

PLEASE TAKE NOTICE that Plaintiff RUTH SLATIN herewith demands trial by jury of all issues so triable in this action.

_____
Joel Field (JF-2158)

Dated: White Plains, New York
        June 30, 2005